35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nachter SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 92-70754, 93-71036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Submission Withdrawn Jan. 21, 1994.
Resubmitted April 25, 1994.
Decided Sept. 14, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We agree with petitioner's argument that the BIA's findings do not support its conclusion, that he lacks a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1101(a)(42). A reasonable fact-finder could not fail to find a well-founded fear, based on the facts apparently assumed arguendo in the BIA's analysis. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 The BIA reasoned as follows:
 
 3
 In his testimony, the respondent maintained that the police abused him because they wished to obtain information about his support of the AISSF. However, the respondent was not charged with a crime, and the respondent has not demonstrated that anyone in India has a continuing interest in him. While the mistreatment that the respondent reported was abhorrent and unfortunate, there is no indication in the record that the police inflicted harm upon him because of his religious or political beliefs.... [T]he Indian government has at times instituted measures which may appear to us to be harsh and oppressive, not to mention violative of rights we take for granted. However, the respondent has not shown that the Indian government has taken actions against him which are motivated by his political or religious beliefs.
 
 
 4
 Id.
 
 
 5
 Assuming that the facts as stated by petitioner are true, the grounds for the denial would not be supported by substantial evidence on the whole record. Arrest and torture may amount to persecution, and give rise to a well-founded fear of more persecution, though no criminal charges are filed. Desir v. Ilchert, 840 F.2d 723, 724 (9th Cir.1988). A lawless oppressive regime might prefer not to subject its persecution to the formal scrutiny of its legal system. Singh testified that he was a member of the Sikh Student Federation, and that the police had been going to his father's home in India and asking about him. He testified that the police arrested him and held him for three days without formal charges, because he was travelling on a scooter with a friend who had an identifiable Sikh turban and beard. The police beat both of them with sticks on their backs and the soles of their feet while asking "which party you belong to" and "who are other people who belong to the group." They let him go only when he paid a 30,000 rupee (about $1,000) bribe.
 
 
 6
 If the above account is true, then it compels the conclusion that petitioner has a well-founded fear. We cannot accept the INS contentions that Singh has not been singled out--the visits to his father's house show that he has. Also, the past persecution would be enough to establish a well-founded fear, even if petitioner did not present evidence that he would likely be singled out for future persecution. Desir, 840 F.2d at 729. The INS provided substantial evidence that not all Sikhs are persecuted, and that some Sikhs enjoy considerable wealth and political power, but that does not show Singh himself was not persecuted for his particular Sikh political affiliations.
 
 
 7
 The INS argues that Singh's account shows only corruption, not political persecution. The record does not, in our view, support that proposition. That the police accept bribes to let a Sikh go does not establish that they detain and beat everyone, not just Sikhs, in order to obtain bribes. The INS also demonstrates a substantial basis on the record for the proposition that Singh lied, and that his story was made up. But the BIA did not decide that case on this basis, nor did it find that Singh was lying. For that reason we cannot affirm on the ground that Singh was not credible. Cardoza-Fonesca v. INS, 767 F.2d 1448, 1454-55 (9th Cir.1985), aff'd, 480 U.S. 421 (1987).
 
 
 8
 We do not know whether the BIA thought any of the allegations summarized above are true. It assumed credibility for purposes of discussion but did not make a finding that Singh was credible. Singh's entire account may be fiction. The IJ used the phrases "course of duplicity," "loose with the truth," and "not of a trustworthy nature" and referred to Singh's criminal conviction in the United States for conspiring to use false documents. He evidently thought Singh's testimony should not be believed, but rejected Singh's petition on an alternative ground. The INS brief points to numerous reasons why Singh should not be believed. Among them are that Singh was convicted of conspiring to use fraudulent papers (he submitted papers saying he was an agricultural worker when he was actually working at Burger King). In his hearing, he was evasive and refused to accept responsibility for his crime, apparently on the ground that although he had knowingly used the false papers, someone else had forged them for him. He claimed to have received a letter from his mother ten years after she had died. He changed his supposed political group from the Dal Khalsa to the All India Sikh Student Federation between his application and his hearing, without explanation.
 
 
 9
 The BIA did not mention Singh's credibility at all, and rejected his petition on an alternative ground for which we do not find a substantial basis in the record. If the BIA and the IJ had both been silent on Singh's credibility, then we might be required to presume that they found him credible. Cf. Canjura-Flores v. INS, 784 F.2d 885, 889 (9th Cir.1985). In this case, though, such a presumption would be unreasonable. The IJ was not silent. He pointed out numerous specific reasons why Singh should not be believed. We remand to the Board for a credibility finding when we reverse a Board decision where the Board has expressly abstained from making a credibility finding or we cannot determine the basis of the Board's decision. See Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986). In Damaize-Job we thought it conceivable that the BIA "shared the IJ's concerns" regarding credibility, but we deemed the IJ's reasons "inappropriate and unsupported by substantial evidence." Id. at 1338 n. 6. By contrast, in this case, the IJ's concerns were entirely appropriate and well supported. This is not a case like Canjura-Flores where the BIA and the IJ were silent on credibility, or like Damaize-Job where the BIA was silent and the IJ's doubts were not appropriate or supported. In the case at bar, we cannot reasonably presume that the BIA found the petitioner to be credible. Accordingly, we must remand to the BIA for a credibility finding. Garcia-Ramos v. INS, 775 F.2d 1370, 1375 (9th Cir.1985); Argueta v. INS, 759 F.2d 1395 (9th Cir.1985). If the BIA finds Singh not to have been credible, such a finding would be supported on the record, and any petition for review would be summarily denied. But if the BIA finds that Singh was credible, then his petition would be granted.
 
 
 10
 We affirm the BIA's denial of Singh's motion to reopen the deportation proceedings. A motion to reopen is "disfavored," and is reviewed for abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 724 (1992). Singh's criminality with respect to immigration matters weighed against the exercise of discretion in his favor, and we cannot say that the BIA abused its discretion in not giving greater weight to his marriage. In any event, Singh was ineligible for adjustment of status under 8 U.S.C. Sec. 1255(a), based on his marriage to an American citizen, because he could not demonstrate that he "was inspected and admitted or paroled into the United States." 8 U.S.C. Sec. 1255(a). His passport did not have the requisite "admitted" stamp. See 8 C.F.R. Sec. 235.4. Singh's passport lacks such a stamp. He claimed he had been admitted, but the BIA did not have to believe him.
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3