64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo MENDOZA-GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1995.*
Decided Aug. 11, 1995.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Avc-bza-swl.
 I.N.S.
 PETITION DENIED.
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Mendoza-Gonzalez petitions for review of the Board of Immigration Appeals' order of June 17, 1993, which dismissed the petition on the basis that the petitioner's 1985 departure from the United States terminated his appeal pursuant to 8 C.F.R. Sec. 3.4.[1]
 
 
 3
 Mendoza was found deportable as charged and ineligible for suspension of deportation relief pursuant to 8 U.S.C. Sec. 1254 on September 6, 1984. The petitioner filed his timely appeal with the BIA. On September 7, 1989, the BIA, unaware of petitioner's 1985 departure from the United States, remanded the case to the IJ for a hearing on his eligibility for suspension of deportation. After conducting new proceedings, the IJ denied the relief of suspension of deportation on November 27, 1990. Mendoza filed his notice of appeal with the BIA on December 6, 1990. On June 17, 1993, the BIA, without reaching any issues raised by the parties on appeal, determined that petitioner's departure from the United States in 1985, pending the appeal from the IJ's first denial, effectively terminated the appeal.
 
 
 4
 On appeal to this court, Mendoza does not dispute that a departure pending an appeal constitutes a withdrawal under section 3.4. Instead, the petitioner argues that since the BIA remanded his case for further hearings instead of determining that the appeal was terminated, the rule does not apply. He argues:
 
 
 5
 The plain meaning of the wording of such regulation reveals that the portion thereof dealing with departures is applicable to cases on direct appeal from a decision of an Immigration Judge. In cases involving facts such as the ones herein where subsequent to a brief departure and return to the United States the BIA makes its decision, the Immigration Judge is required to take further action in accordance with the BIA's decision. That is exactly what happened in the case herein. Pursuant to the BIA's remand order and consistent with the plain meaning of the terms of 8 C.F.R. Sec. 3.4, the Immigration Judge conducted a further hearing with no objection by the INS.
 
 
 6
 Petitioner's Brief at 13.
 
 
 7
 We disagree. The INS correctly concludes that the remand did not eliminate the BIA's power to correct an error upon being informed of the 1985 departure. We agree with the respondent's argument:
 
 
 8
 That the IJ held a new hearing, however, is of no consequence to the propriety of the Board's subsequent decision in this case. Even assuming that the IJ erred upon remand in not resolving the issue of petitioner's withdrawal of his earlier appeal, the Board was not thereby precluded from addressing the matter. The Board is not bound by the IJ's decision, but rather has the power of de novo review. Canjura-Flores v. INS, 784 F.2d 885, 888 (9th Cir.1985). Any error made by the IJ is rendered harmless upon the Board's review. See Chatila v. INS, 770 F.2d 786, 790 (9th Cir.1985); accord Sussex Engineering, Ltd. v. Montgomery, 825 F.2d 1084, 1090 (6th Cir.1987), cert. denied sub nom. E & S Design & Development, Ltd. v. Montgomery, 485 U.S. 1008 (1988) (finding that agency not bound by prior errors and can take corrective action). Moreover, surely the Board is the more appropriate forum for determining whether an alien has effectively withdrawn an appeal pending with the Board itself.
 
 
 9
 Respondent's Brief at 10-11.
 
 
 10
 Petitioner's attempts to elude the plain language of the rule by advancing the same argument under different theories is equally without merit. We reject Mendoza's claim that "once the BIA issued its remand order and the case was filed with the Immigration Judge, the BIA lost jurisdiction of the case and it was up to the Immigration Judge to rule on the issue of the applicability of 8 C.F.R. Sec. 3.4 in light of Mr. Mendoza's brief departure."[2] Petitioner's Brief at 13. We also reject Mendoza's claim that, even if section 3.4 were applicable, "clearly not only was the irregularity subsequently cured in a timely fashion, but the INS waived the defect and objection." Id.
 
 
 11
 We also find no factual basis warranting we further consider the petitioner's application for a grant of waiver nunc pro tunc pursuant to section 212(i).
 
 CONCLUSION
 
 12
 The petition for review is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In any case in which an appeal has been taken, 8 C.F.R. Sec. 3.4 defines when that appeal is considered withdrawn:
 Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal but prior to a decision thereon shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.
 
 
 [8]
 C.F.R. Sec. 3.4 (1995) (in pertinent part)
 
 
 [2]
 The petitioner cites no case law for this proposition. Further, Mendoza omits that he subsequently appealed the IJ's second ruling to the BIA and does not argue that this second appeal did not vest jurisdiction in the BIA