145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Balhiar SINGH, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 97-70819.
INS NO. Abp-trk-bde.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1998.**
Decided May 7, 1998.
 
 Petition to Review Order of the Board of Immigration Appeals.
 Before FLETCHER, D.W. NELSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Balhiar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1258(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we affirm the BIA's dismissal.
 
 
 3
 Where, as here, the BIA conducted an independent review of the IJ's factual and legal determinations, we review the BIA's decision and not that of the IJ. Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996). We review the BIA's denial of asylum for an abuse of discretion. Mejia-Paiz v. INS, 111 F.3d 720, 722 (9th Cir.1997). We review the BIA's decision not to withhold deportation for substantial evidence. Id. The factual findings underlying the BIA's decision are also reviewed for substantial evidence. Id.
 
 
 4
 To qualify for asylum, an applicant must demonstrate that he is unable or unwilling to return to his home country because he suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Sangha v. INS, 103 F.3d 1482, 1486 (9th Cir.1997) (quoting 8 U.S.C. § 1101(a)(42)(A)). An alien's own testimony, when credible, can be sufficient to establish eligibility for asylum. Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984). "The alien's testimony may, of course, be discredited by inconsistent statements and by the witness' demeanor." Artiga Turcios v. INS, 829 F.2d 720, 723 (9th Cir.1987). In the instant case, both the IJ and BIA denied relief because they found Singh's testimony to be not credible. Singh contends that the adverse credibility findings of the IJ and the BIA are not supported by substantial evidence in the record. We disagree.
 
 
 5
 "Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." Vilorio-Loyez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988). Having carefully reviewed the record in this case, we have determined that the multiple inconsistencies in Singh's testimony regarding the dates and duration of his arrests are not "minor discrepancies," but rather "attempts by the applicant to enhance his claims of persecution." Damaize-Job v. INS, 787 F.2d 1332, 1337 (9th Cir.1986). The following are examples of unexplained discrepancies in the record that call Singh's persecution claim into question:
 
 
 6
 (1) Singh testified that the only reason the police chose to target him and his father was that they had assisted terrorists who were suspected of murdering a local official. Later in his testimony, however, Singh stated that he was first arrested one month before he and his father ever encountered the terrorists.
 
 
 7
 (2) Singh stated on direct examination (and in his asylum application) that he was arrested twice by police in India. On cross-examination, however, Singh stated that he was arrested on three separate occasions.
 
 
 8
 (3) During direct examination, Singh first stated that he spent five days in jail after his July 1992 arrest. Later, he testified that he actually spent one month in jail following his July 1992 arrest. When questioned about the inconsistency, Singh stated that his earlier statement was in error.
 
 
 9
 In addition to these discrepancies, Singh's testimony at the IJ hearing merits skepticism because his account of his July 1992 arrest is almost identical to his description of his January and February arrests: On all two (or three) occasions, he was taken to the same two police stations, in the same order, beaten with a leather strap, and released because of a bribe offered by his father.
 
 
 10
 Moreover, comparing Singh's asylum application to his testimony at the IJ hearing provides additional support for the BIA's adverse credibility determination. For example, in his asylum application, Singh wrote that his doctor's name was "R.G. Sharma." At the hearing before the IJ, however, Singh stated that his doctor's name was "I.C. Sharma." When questioned on cross-examination about the discrepancy in initials, Singh was unable to provide a cogent explanation, despite the fact that he claimed to know the doctor well. Also, Singh stated in his asylum application that while being interrogated by the police, he was "forced to sit on an ant hill," whereas at the IJ hearing he stated that he was forced to "sit out in the sun where there were lots of worms."
 
 
 11
 The cumulative effect of these unexplained discrepancies provides the basis for the IJ and BIA's holding that substantial evidence supports the conclusion that Singh's persecution claim is not credible. This is not a case in which the IJ relied on "trivial errors [to provide] an excuse upon which to predicate a finding of no credibility." Id. at 1337. Examples of "trivial errors" that have been identified by this court include inconsistent reports of the birthdates of the applicant's children, see id. at 1337, and varying accounts of the date on which the applicant joined a particular political organization, see Martinez-Sanchez v. INS, 794 F.2d 1396, 1400 (9th Cir.1986). Unlike these negligible errors, the inconsistencies in the case at bar pervade and undermine Singh's entire claim.
 
 
 12
 In addition to the existence of inconsistent testimony in this case, it is also significant that the IJ carefully observed Singh's demeanor and concluded that his manner of testifying cast serious doubt on his claims. As this court has noted, "The immigration judge is in the best position to make credibility findings because he sees the witness as the testimony is given." Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994) (quoting Canjura-Flores v. INS, 784 F.2d 885, 889 (9th Cir.1985)). The immigration judge in the instant case explained:
 
 
 13
 [W]hen the Service counsel asked him questions he immediately shifted his eyes indicating that perhaps he does understand some English. There were certain instances in which the Service counsel questioned respondent. Respondent hesitated and often gave an answer to cover the situation. Particularly, the Court references the area in which Service counsel questioned him regarding his January 1992 arrest and as to whether he was arrested before the terrorists allegedly came to his home, or after they came to his home.
 
 
 14
 This court has made clear that an immigration judge's assessment of an applicant's demeanor is an important consideration in reviewing an applicant's asylum claim. See, e.g., Nasseri v. Moschorak, 34 F.3d 723, 727 (9th Cir.1994) (reversing BIA's asylum denial in part because immigration judge had found that applicant "testified in an honest and forthright manner"). Furthermore, the IJ's detailed observation of Singh's demeanor supports her conclusion that the discrepancies in his testimony cannot be attributed to the language barrier. See Damaize-Job, 787 F.2d at 1337.
 
 
 15
 It is also important to note that the BIA offered "specific, cogent reason[s]" for rejecting Singh's testimony for lack of credibility. Vilorio-Lopez v. INS, 852 F.2d 1137, 1141 (9th Cir.1988). This case is therefore distinguishable from cases in which this court reversed an asylum denial because the BIA failed to make "clear findings" regarding the applicant's credibility, see Hartooni, 21 F.3d at 342, or failed to identify the "specific inconsistencies" on which it based its adverse credibility determination, see Osorio v. INS, 99 F.3d 928, 931 (9th Cir.1996).
 
 
 16
 Because substantial evidence in the record supports the BIA's decision that Singh's testimony was not credible, we hold that the BIA did not abuse its discretion in denying Singh asylum. See Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir.1985). Given that Singh failed to satisfy the standard for asylum, he necessarily failed to meet the more rigorous standard for withholding of deportation. De Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997).
 
 
 17
 PETITION DENIED.
 
 
 
 **
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3