**Sodi SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70091.
INS A 71 786 399.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2001 [1].

Decided March 14, 2001.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

**ORDER**

Petitioner Singh's motion to hold decision is denied without prejudice to an application to stay the mandate.

**MEMORANDUM** [2]

Singh petitions for review of a decision by the Board of Immigration Appeals (Board) denying him relief from deportation. The Board had jurisdiction pursuant to 8 C.F.R. § 3.1(b). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amend-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, because Singh's deportation proceedings began prior to April 1, 1997, and a final order of deportation was entered after October 30, 1996. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1149 (9th Cir.2000). We deny the petition.

■ To be eligible for asylum, Singh must be "unwilling to return to his country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Id.* at 1149–50, *quoting* 8 U.S.C. § 1101(a)(42)(A). "To establish eligibility on the basis of a 'well-founded fear of persecution,' an alien's fear of persecution must be both subjectively genuine and objectively reasonable." *Id.* at 1150. "'Persecution' may be inflicted either by the government or by persons or organizations which the government is unable or unwilling to control." *Sangha v.. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). Singh bears the burden of establishing his eligibility for asylum and withholding of deportation. *Id.* Because neither the Immigration Judge (IJ) nor the Board made an explicit negative credibility finding, we consider Singh's testimony to be credible. *Canjura–Flores v. INS*, 784 F.2d 885, 888–89 (9th Cir.1985).

The IJ found that Singh failed to demonstrate that he had been persecuted on account of his religion or political opinion and that he had no objective basis for his subjective fear of returning to India. The Board adopted this reasoning, and because the Board did so, we review the decision of the IJ for substantial evidence. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Alaelua v. INS*, 45 F.3d 1379, 1381 (9th Cir.1995).

Singh contends that he suffered past persecution when the police detained him on two occasions for one week and beat him during both detentions. Singh also states that he was detained overnight by the police several additional times. Singh asserts that these detentions were on account of his membership in the All India Sikh Students Federation (AISSF), a group that supports a separate homeland for Sikhs within India. However, at his hearing before the IJ, Singh testified that the police first arrested him in order to investigate whether he had any connection with terrorists. When asked how he knew that the police arrested him on account of his membership in AISSF, he speculated that the police, who came from a village over fifty miles away, had the names and pictures of all AISSF members.

■ Singh testified that the second arrest occurred after he had harbored militants in his home, and he conceded that it was illegal to take the terrorists into his home. Singh also stated that he was taken into custody "[w]henever there was an incident in the village" to identify those who had taken part or whether he was involved himself. He was detained for no more than one night on these occasions. It is significant that Singh testified that the three or four other members of AISSF who lived near him were never arrested. The IJ's finding that the arrests were precipitated by police investigation into illegal terrorist activity and not on account of Singh's political opinion is supported by substantial evidence.

Singh also asserts that he was targeted by terrorists because of his membership in AISSF. However, at his hearing, the following exchange took place:

Q. . . . [W]hy do you say that they came to your house because you're a member of [AISSF] . . . ?

A. They can go any .. they can go to anybody's house.

Q. But why did they come to your house specifically?

A. One reason is that because our house is little separated from other homes. I think that was the reason.

The IJ's determination that Singh was not targeted by the terrorists on account of his political belief is thus supported by substantial evidence. *See Sangha,* 103 F.3d at 1487 ("[P]ersecution on account of political opinion no longer can be inferred merely from acts of random violence .... Persecution by anti-government guerillas may no longer, from that fact alone, be presumed to be 'on account of' political opinion.").

We also hold that substantial evidence supports the IJ's determination that any subjective fear of future persecution held by Singh was not reasonably held. *See Pedro–Mateo,* 224 F.3d at 1150. When asked what he thought would happen if he returned to India, Singh replied, "Because they have taken our fingerprints as well as our pictures. So if I go back, they will arrest me at the airport and finish me. They can torture me, they can kill me and they can finish me." Such a response does not compel reversal of the IJ's decision. *Id.*

Because Singh fails to satisfy the lower standard of proof required to establish eligibility for asylum, he necessarily fails to meet the higher threshold for withholding of deportation. *Id.*

PETITION DENIED.