**Mochamad RAMDANI;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–70615.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided Aug. 24, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service

Office of the District Counsel, John C. Cunningham, Esq., Seattle, WA, Edward C. Durant, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Mochamad Ramdani and his wife Nur Laela, natives and citizens of Indonesia, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of their request for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and review the BIA's decision for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Because the BIA "decline[d] to adopt the adverse credibility finding," we accept Ramdani's testimony as true.[2] *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004). We deny the petition.[3]

■ The BIA's finding that Ramdani failed to establish past persecution is supported by substantial evidence. Ramdani has not demonstrated that the police violence at two demonstrations he attended was targeted toward him individually, *see Singh v. INS*, 134 F.3d 962, 967 (9th Cir.

1998), nor that it was motivated by any political opinion imputed to him by the police, *see Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997). Instead, substantial evidence suggests that the police were responding to rioting and violence by the demonstrators. Furthermore, the "[b]rief detention" Ramdani endured during the demonstration on November 13, 1998, is insufficient to compel a finding of persecution. *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

■ Substantial evidence also supports the BIA's finding that Ramdani does not have well-founded fear of future persecution. The attack and robbery that occurred at the November 13 demonstration could have been "nothing more than an isolated criminal incident...." *Lata*, 204 F.3d at 1245. Further, the men who came looking for Ramdani at his home did not threaten him or provide any indication that they sought to harm him. Ramdani did not know who these men were and only presumed that they were military officials. Even if that presumption were correct, nothing in the record compels a finding that they would have persecuted Ramdani on account of his political opinion had they found him. It is equally likely that they were engaged in legitimate police efforts to prevent further riots.

In sum, Ramdani has not presented sufficient evidence to compel a finding that he risks a one-in-ten chance of persecution should he return to Indonesia. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Laela's application is derivative of Ramdani's; we therefore refer only to Ramdani's claim throughout this memorandum.

2. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

3. We lack jurisdiction over Ramdani's appeal from the IJ's denial of his request for an order of voluntary departure. 8 U.S.C. § 1229c(f); *see also Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004).

He therefore is ineligible for both asylum and withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). He has also not satisfied his burden for CAT relief because he has not demonstrated a likelihood that he would be tortured if he were to return to Indonesia. *See* 8 C.F.R. § 208.16(c)(2).

Ramdani's petition for review is therefore DENIED.

PAEZ, J., dissenting in part.

While I agree that Ramdani has not shown that he is entitled to withholding of removal or relief under the Convention Against Torture, I disagree with the majority's conclusion that he is ineligible for a discretionary grant of asylum. I respectfully dissent from that portion of the majority's disposition.

The evidence compels a finding that Ramdani has a well-founded fear of future persecution for asylum purposes. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (noting that, to demonstrate eligibility for asylum, "even a ten percent chance of persecution may establish a well-founded fear"). Ramdani's objectively reasonable fear is supported by the fact that he was captured, hit, and threatened with death by undercover military agents. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000). Furthermore, the military knew who he was and took a special interest after identifying him as an active opponent of the ruling government. *Mendoza Perez v. INS*, 902 F.2d 760, 761 (9th Cir.1990). The reasonableness of Ramdani's fear is also supported by the military's frequent and threatening visits to his home, which began very shortly after he was identified. *See Artiga Turcios v. INS*, 829 F.2d 720, 723 (9th Cir.1987); *Canjura–Flores v. INS*, 784 F.2d 885, 887 (9th Cir.1985).

Ramdani had every reason to believe that his visitors posed a serious threat to his safety, based on his encounter with the military on November 13, 1998, as well as the experiences of his colleagues. *See Mendoza Perez*, 902 F.2d at 761; *Lim*, 224 F.3d at 935. Several of Ramdani's friends—fellow protestors who were also known to the authorities—"disappeared," only to return wounded or not at all. *See Lim*, 224 F.3d at 935. Ramdani's credible testimony to this effect is corroborated by the State Department's Country Report on Human Rights Practices, Indonesia, 2000, which reported that "[t]here continued to be credible reports of the disappearance of dozens of civilians." The Asian Human Rights Commission similarly reported that at least 13 activists were missing in 1998, and that at least 12 more "went missing after students clashed with security officers in a demonstration on 19 March 1998 at the university."

Ramdani's fear is objectively reasonable despite the fact that he was not harmed after his original 1998 encounter with the military. Threats of future harm need not be carried out to support an asylum claim, *see Garrovillas v. INS*, 156 F.3d 1010, 1016 (9th Cir.1998), particularly where such threats form the basis for a finding of future, rather than past, persecution. *See Lim*, 224 F.3d at 935 (holding that petitioner established a well-founded fear of future persecution "[a]lthough [the petitioner] was never confronted nor physically harmed"). Ramdani was forced to live in hiding for over a year, and only returned to his parents' home because he mistakenly believed it was safe to do so. "[T]his case does not involve a threat followed by several years of peace." *Gonzalez v. INS*, 82 F.3d 903, 909 (9th Cir.1996). Contrary to the government's argument, therefore, *Lata v. INS* does not govern. 204 F.3d 1241, 1245 (9th Cir.2000) (holding that petitioner's two-year period of safety following one isolated criminal attack undermined her claim of a well-founded fear of future persecution). Ramdani's experience was not an isolated incident; he re-

ceived persistent menacing visits to his home after participating in the demonstrations, which continued even after he fled to the United States. *See Canjura–Flores,* 784 F.2d at 887. In short, Ramdani has provided evidence that compels a finding that he faces at least a one-in-ten risk of persecution if he returns to Indonesia. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). I would therefore find him eligible for a discretionary grant of asylum, and I would grant the petition in part.