**Israyel SINANYAN; Astgik Nazaretyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73123.
Agency Nos. A75–635–334, A75–635–335.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.\*

Decided Sept. 15, 2005.

R.App. P. 34(a)(2).

Israyel Sinanyan, North Hollywood, CA, pro se.

Astgik Nazaretyan, North Hollywood, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., DOJ—U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Israyel Sinanyan, a native of Syria and citizen of Armenia, and his wife, Astgik Nazaretyan, a native and citizen of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ's") denial of their applications for asy-

lum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The record supports the IJ's adverse credibility determination because Sinanyan presented two hospital documents that were internally inconsistent, and inconsistent with Sinanyan's testimony, regarding when and where he was treated for his claimed injuries. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (upholding adverse credibility determination where inconsistencies cast serious doubt on whether the attack actually occurred). Additionally, in his asylum application, Sinanyan stated that he was forced to divorce his wife; whereas, in his testimony, Sinanyan made no mention of a divorce. *See, e.g., Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (upholding adverse credibility finding where petitioner failed to mention a dramatic incident in which he was attacked until reminded of it at the conclusion of his testimony). Finally, the IJ determined that Sinanyan's passport photo (taken less than three weeks after he claimed to have received a severe facial wound requiring 21 stitches) did not show evidence of recent trauma, and Sinanyan's scar in the passport photo looked the same as the scar Sinanyan had when he appeared in court before the IJ nearly 7 years later. *See Canjura–Flores v. INS*, 784 F.2d 885, 888 (9th Cir.1985) ("The Immigration Judge is in the best position to make credibility findings because he views the witness as the testimony is given.") Because these inconsistencies go to the heart of petitioners' asylum claim, sub-

stantial evidence supports the IJ's adverse credibility finding. *See Chebchoub,* 257 F.3d at 1043.

Without credible testimony, the record lacks evidence to support a determination that petitioners suffered past persecution or had a well-founded fear of future persecution. *See Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam).

Because petitioners failed to prove eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

Petitioners also failed to establish eligibility for CAT relief because they did not show it was more likely than not that they would be tortured by authorities if returned to Armenia. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003); 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.