**Rahamadadulla SHEIKH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73594.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Rahamadadulla Sheikh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th

** This disposition is not appropriate for publication and may not be cited to or by the

Cir.2001), and we deny the petition for review.

Although many of the BIA's reasons for finding Sheikh not credible were based upon impermissible grounds, the record nonetheless supports the BIA's adverse credibility determination. The BIA based its decision, in part, on Sheikh's failure to describe in his asylum application, and in his interview with the asylum officer, an incident in which he was placed inside a tire and beaten. Because this omission goes to the heart of Sheikh's asylum claim, substantial evidence supports the BIA's adverse credibility finding. *See id.* at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination.)

The BIA also properly based its decision on the IJ's observation that Sheikh paused for long periods of time during his testimony and became completely unresponsive. *See Canjura–Flores v. INS*, 784 F.2d 885, 888 (9th Cir.1985) (The Immigration Judge is in the best position to make credibility findings because he views the witness as the testimony is given.)

In the absence of credible testimony, petitioner failed to demonstrate eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

### PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by 9th Cir. R. 36–3.