Jing YANG, et al; Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71279.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.\*

Decided March 14, 2006.

R.App. P. 34(a)(2).

Jing Yang, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Jing Yang ("wife"), Jing Sheng Pan ("husband"), and their son, Zhen Yang Pan, natives and citizens of China, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003), and review claims of due process violations de novo, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The record supports the BIA's adverse credibility determination because the wife testified inconsistently regarding when her intra-uterine device was removed and how she was notified her employment was terminated due to violation of family planning laws. *See Wang,* 352 F.3d at 1259 (so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim, we are bound to accept the adverse credibility finding). The BIA also properly based its decision, in part, upon the IJ's observations about the husband and wife's demeanor. *See Canjura–Flores v. INS,* 784 F.2d 885, 888 (9th Cir.1985) ("The Immigration Judge is in the best position to make credibility findings because he views the witness as the testimony is given."). The agency adequately considered petitioners' explanations regarding the discrepancies. *See Wang,* 352 F.3d at 1256–57 (upholding IJ's determination that petitioner's explanation for inconsistency was unlikely).

In the absence of credible testimony, petitioners failed to demonstrate eligibility for asylum, withholding of removal and CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Petitioners' contention that the IJ violated due process by excluding documentary evidence is unavailing, because the BIA did not rely, even in part, upon failure to corroborate in finding petitioners not credible.

There is insufficient evidence in the record to support the petitioners' contention that the translator was incompetent or that a faulty translation prejudiced the outcome of the proceedings. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994).

Petitioners' remaining contentions also lack merit.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.