**Frunzik MANUKYAN; Manoushak Manukyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74436.

United States Court of Appeals, Ninth Circuit.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 6, 2006.*

Decided March 20, 2006.

Sassoun Nalbandian, Law Offices of Sassoun A. Nalbandian, Valley Village, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Frunzik Manukyan, a native and citizen of Armenia, and his wife, Manoushak Manukyan, seek review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") decision denying his application for asylum and other relief. Because the BIA entered an independent opinion, we review the decision of the BIA and not the IJ. *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000).

The BIA denied relief in part because it concluded that "it is not persecution for a country to prosecute its citizens for crimes." That general proposition is true. However, Manukyan seeks asylum based on an exception to the rule, namely that a detention based on alleged criminal activity may constitute persecution on account of political opinion if the detention does not lead to legitimate criminal proceedings, or if the case is prosecuted but relies on laws that suppress political dissent. *Ndom v. Ashcroft,* 384 F.3d 743, 755 (9th Cir.2004); *Chanco v. INS,* 82 F.3d 298, 301 (9th Cir. 1996). Because the BIA did not analyze this claim, we remand it to the BIA for its consideration in the first instance. In doing so, we express no opinion as to the merits of the claim.

The BIA also did not make any express credibility findings in its decision, although the IJ made an adverse credibility determination. Because credibility may be important to resolution of this claim, we also remand with instructions to the BIA to make a specific credibility determination. *See Canjura–Flores v. INS,* 784 F.2d 885, 889 (9th Cir.1985).

**PETITION GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.