**Raul Arystanovich AKTANOV, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–74465.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Decided March 21, 2006.

Jayne E. Fleming, Esq., Reed Smith, LLP, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

MEMORANDUM **

Raul Aktanov ("Aktanov") seeks review of a Board of Immigration Appeals's ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. The BIA determined that the actions of the Kazakhstan secret police ("KNB") were legitimate attempts to prosecute Aktanov for violating Kazakh law, rather than to persecute him on account of his political opinion. We grant the petition for review and remand for further proceedings.

Because the BIA avoided making a credibility determination in its decision, finding that Aktanov would be ineligible for asylum "even if we deem [him] to be credible," we assume Aktanov's testimony is credible in reviewing the BIA's decision. *See Canjura–Flores v. INS*, 784 F.2d 885, 889 (9th Cir.1985).

The record compels the conclusion that Aktanov was persecuted on account of his political opinion. "[W]hen a government harms or punishes someone without undertaking 'any formal prosecutorial measures,' it engages in persecution and not legitimate prosecution." *Ramirez Rivas v. INS*, 899 F.2d 864, 868 (9th Cir.1990) (quoting *Blanco–Lopez v. INS*, 858 F.2d 531, 534 (9th Cir.1988)). Aktanov testified that he was detained and beaten on three occasions without being formally arrested, charged with any crime, or granted an attorney upon request. Further, rather than prosecute Aktanov for his supposed crimes, the KNB officials told him to stop his activities or leave the country, and later threatened him with further abuse if he did not flee Kazakhstan.

Having determined that Aktanov has demonstrated past persecution, we remand to the BIA so that the agency can make a

credibility determination pursuant to *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). *See Canjura–Flores*, 784 F.2d at 889. If the BIA deems Aktanov credible, the burden will then shift to the government to show, by a preponderance of the evidence, that there has been a fundamental change in country conditions such that Aktanov no longer has a well-founded fear. *Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir.2005).

**PETITION FOR REVIEW GRANTED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.