**Amir Roushdy Shaker EBEID; Wafa Sahid Ayou Hanna, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74931.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed April 17, 2008.

Roni P. Deutsch, Natalia A. Nekrasova, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, John P. Deva-

**510**

ney, Craig W. Kuhn, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Amir Roushdy Shaker Ebeid and his wife, Wafa Sahid Ayou Hanna, natives and citizens of Egypt, petition for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. Reviewing factual findings for substantial evidence and questions of law de novo, *Mashiri v. Ashcroft*, 383 F.3d 1112, 1118–19 (9th Cir.2004), we grant in part and deny in part the petition for review.

The IJ concluded that the petitioners' testimony was credible. Deference is given to the IJ's credibility determination, because the IJ is in the best position to assess the trustworthiness of the applicant's testimony. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir.2003); *Canjura–Flores v. INS*, 784 F.2d 885, 888 (9th Cir.1985).

 The IJ's determination that petitioners failed to establish past persecution is not supported by substantial evidence. The IJ found that petitioners credibly testified that they suffered, *inter alia*, repeated harassment by other teachers, vandalism, threats, and extortion attempts by unknown assailants. Considering these events cumulatively, a reasonable fact-finder would be compelled to conclude that they rise to the level of persecution. *See Mashiri*, 383 F.3d at 1119–21.

The IJ's determination that petitioners failed to establish a nexus between these events and a protected ground also is not supported by substantial evidence. Petitioners' mistreatment occurred after they resisted school policies that discriminated against Christians and refused to pay extortion requested only from non-Muslims. A reasonable fact-finder would be compelled to conclude that petitioners were persecuted, at least in part, on account of their religion. *See Borja v. INS*, 175 F.3d 732, 736–37 (9th Cir.1999) (en banc) (holding that applicant need only present evidence from which it is reasonable to believe that her persecutor's action was partly motivated by a protected ground); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004) (noting that persecution following resistance to discriminatory action is on account of a protected ground).

 The IJ concluded that petitioners failed to establish that the Egyptian government was unable or unwilling to control their persecutors by failing to report their mistreatment to authorities. This finding is not supported by substantial evidence. Contrary to the IJ's determination, petitioners attempted to report their mistreatment to the police on two separate occa-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sions, but authorities dissuaded them from filing a report. *See Mashiri*, 383 F.3d at 1121–22. Also, "an asylum applicant may meet her burden with evidence that the government was unable or unwilling to control the persecution in the applicant's home city or area." *Id.* at 1122; *see Ladha v. INS*, 215 F.3d 889, 902 (9th Cir. 2000) (assuming the petitioners' credibility and holding that they presented sufficient evidence that the government was unable to control religious and political violence in their home city during the relevant period).

■ Because we here find that the petitioners established past persecution, they are entitled to a presumption of a well-founded fear of future persecution with respect to their asylum claim. *See* 8 C.F.R. § 1208.13(b)(1). The burden then shifts to the government. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A)–(B); 8 C.F.R. § 1208.13(b)(1)(ii); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004). To rebut the presumption of a well-founded fear of future persecution, the government must show "by a preponderance of the evidence" that "the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i). Because we reverse the IJ regarding the issue of past persecution, we therefore remand to the BIA for the agency to have the first crack at determining whether the government can successfully rebut the presumption. *See Guo*, 361 F.3d at 1204.

■ Because we find that the petitioners established past persecution, they are also entitled to a presumption of eligibility for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1)(i). It is the burden of the government to rebut the presumption by a preponderance of the evidence. *See* 8 C.F.R. § 1208.16(b)(1)(ii). Again, because we reverse the IJ regarding the issue of

past persecution, we also remand to the BIA for the agency to have the first crack at determining whether the government can successfully rebut the presumption. *See Guo*, 361 F.3d at 1204.

■ Petitioners' contentions regarding the denial of their claim for protection under the CAT are without merit. The record demonstrates that the IJ did not conflate the CAT standard with the asylum standard, but that the IJ discussed the proper CAT standard separately and accurately.

Accordingly, we grant the petition as to the petitioners' asylum and withholding claims, deny the petition as to the CAT claim, and remand for further proceedings consistent with this disposition.

**GRANTED in part, DENIED in part, and REMANDED.**