Rafael Santos LEIVA–MONTALVO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 97–71414.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1999.

Decided April 22, 1999.

William R. Gardner and Miguel D. Gadda, San Francisco, California, for the petitioner.

Frank W. Hunger, Richard M. Evans and John L. Davis, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

Before: KRAVITCH,[1] REINHARDT, and T.G. NELSON, Circuit Judges.

KRAVITCH, Circuit Judge:

Rafael Santos Leiva–Montalvo ("Leiva–Montalvo"), a native and citizen of El Salvador, petitions this court for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge ("IJ")'s denial of his application for asylum and withholding of deportation. We grant the petition for review.

We must uphold the BIA's determination that an alien is not eligible for asylum or entitled to withholding of deportation if it is "supported by reasonable, substantial, and probative evidence" in the record. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992); *Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995). If neither the BIA nor the IJ makes an explicit finding that a petitioner's testimony is not credible, we are required to accept the testimony as true. *See Hartooni v. INS,* 21 F.3d 336, 342–43 (9th Cir.1994); *Canju-*

---

1. The Honorable Phyllis A. Kravitch, Senior Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*ra–Flores v. INS*, 784 F.2d 885, 888–89 (9th Cir.1985).[2]

In this case, neither the BIA nor the IJ made an adverse credibility finding, so we must assume that Leiva–Montalvo testified truthfully. According to Leiva–Montalvo, between 1990 and 1995 a group he calls the "Recontras" first tried to persuade him to join them, then threatened his life, and finally detained him, shot at him, and abducted (and perhaps later killed) two of his friends. The Recontras, according to Leiva–Montalvo, are former guerillas who, despite El Salvador's 1992 Peace Accords, continue to attempt to advance their ideals through force. The BIA agreed with the IJ's conclusion that the Recontras had not persecuted Leiva–Montalvo because of his actual or imputed political views. Instead, the BIA found, the Recontras were probably a criminal gang motivated by a desire for monetary gain. The BIA therefore held that because Leiva–Montalvo had not shown that his persecutors had acted on account of his political opinion or on the basis of any other ground protected by the immigration statutes, such as his race or religion, he was not eligible for asylum or entitled to withholding of deportation.

■ Assuming, as we must, that events occurred as Leiva–Montalvo related them, we conclude that substantial evidence does not support the BIA's determination that he did not suffer persecution on account of his political views. According to Leiva–Montalvo, the Recontras were interested in him because of his older brothers' previous affiliation with El Salvador's guerillas. All of Leiva–Montalvo's discussions with the Recontras centered on politics and ideology; there was no evidence indicating that their motivations were purely crimi-

nal. Although Leiva–Montalvo agreed at one point that the Recontras were "criminals,"[3] he clearly used this word to mean that the Recontras were acting outside the law, not that their sole objective was mercenary gain. Because Leiva–Montalvo showed that the Recontras harassed, detained, threatened, and shot at him on account of his actual or imputed political views, he has established that he was persecuted in the past.

■ An alien who establishes past persecution is entitled to a

> presumption that [he] has a well-founded fear of future persecution.... To rebut this presumption, the INS must show by a preponderance of the evidence that, "since the time the persecution occurred conditions in the applicant's country of nationality ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted were he to return."

*Singh v. INS*, 94 F.3d 1353, 1360–61 (9th Cir.1996) (quoting 8 C.F.R. § 208.13(b)(1)(i)); *see also Pitcherskaia v. INS*, 118 F.3d 641, 646 (9th Cir.1997); *Prasad v. INS*, 101 F.3d 614, 617 (9th Cir.1996). The INS has not met this burden. Although it introduced into evidence a State Department report describing improvements in El Salvador's human rights record following the 1992 Peace Accords,[4] neither this document nor any other evidence in the record shows that conditions in El Salvador changed significantly between early 1995, when Leiva–Montalvo was harassed, threatened, and attacked, and the date of his hearing. Because the presumption that Leiva–Montalvo has a well-founded fear of future persecution stands unrebutted, he is statutorily eligible for asylum.

---

**2.** We may remand to the BIA for a credibility determination when the BIA has expressly assumed, without deciding, that a petitioner's testimony is true, *see Canjura–Flores*, 784 F.2d at 889, or when the IJ or the BIA has raised a doubt as to a petitioner's credibility, *see Hartooni*, 21 F.3d at 343. In the present case, however, because the BIA did not mention Leiva–Montalvo's credibility at all and

because neither the BIA nor the IJ raised a doubt as to his truthfulness, remand for a credibility determination is inappropriate.

**3.** Hr'g Tr. at 18, Certified Administrative R. ("CAR") at 54.

**4.** Ex. 4, CAR at 73–79.

**752**

Leiva–Montalvo also has established that he is entitled to withholding of deportation. A petitioner's deportation must be withheld if it is "clear[ly] probab[le]" that he will be persecuted in his home country. *Vallecillo–Castillo v. INS,* 121 F.3d 1237, 1240 (9th Cir.1996) (citation omitted). The petitioner is presumed to have demonstrated such a probability if he shows that his life or freedom was threatened in his home country on account of his political opinion. *See Surita v. INS,* 95 F.3d 814, 821 (9th Cir.1996); 8 C.F.R. § 208.16(b)(2). The INS can rebut this presumption only by establishing by a preponderance of the evidence "that conditions in the country have changed to such an extent that it is no longer more likely than not that the applicant would be so persecuted there." *Singh,* 94 F.3d at 1361 (quoting 8 C.F.R. § 208.16(b)(2)). According to Leiva–Montalvo, the Recontras specifically threatened his life at least twice. *See Vilorio–Lopez v. INS,* 852 F.2d 1137, 1141 (9th Cir.1988) ("A key factor in finding evidence sufficient for withholding of deportation is whether harm or threats of harm were aimed against the petitioner specifically."). These threats created a presumption that Leiva–Montalvo was entitled to withholding of deportation; the INS failed to introduce sufficient evidence of changed country conditions to rebut this presumption. Leiva–Montalvo's deportation must therefore be withheld. *See Vallecillo–Castillo,* 121 F.3d at 1240 (holding that petitioner's deportation must be withheld where INS had failed to rebut 8 C.F.R. § 208.16(b)(2) presumption).

We reverse the BIA's denial of Leiva–Montalvo's request for asylum and for withholding of deportation, and remand so that the Attorney General may exercise her discretion regarding the grant of asylum.

PETITION FOR REVIEW GRANTED.