**Juana FLORES Petitioner,**

v.

**John ASHCROFT,[1] Attorney General Respondent.**

No. 00–70518.
I & NS No. A70 967 404.

United States Court of Appeals,
Ninth Circuit.

---

**1.** John Ashcroft is substituted for Janet Reno as Attorney General pursuant to Fed. R.App.

Submitted Oct. 1, 2001.[2]

Decided Oct. 11, 2001.

Before O'SCANNLAIN, and PAEZ, Circuit Judges, and KING,[3] District Judge.

## MEMORANDUM [4]

Juana Flores, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of an Immigration Judge's ("IJ") denial of her application for asylum or, in the alternative, withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a),[5] and deny the petition.

The BIA conducted a de novo review of Flores' claims. Accordingly, our review is limited to the BIA's decision. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We review for substantial evidence the BIA's determination that Flores failed to establish eligibility for asylum or withholding. *Id.* The BIA's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This standard is extremely deferential, and we are required to uphold the BIA's denial unless the evidence compels a contrary result. *Id.* at n. 1.

Initially, the IJ determined that Flores was not credible, a finding she did not challenge on appeal to the BIA. We thus

P. 43(c)(2).

2. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

3. Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

4. This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

5. We apply the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, because Petitioner entered into deportation proceedings before the effective date of IIRIRA and the BIA's final order of deportation was entered after October 30, 1996. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

lack jurisdiction over challenges to that adverse credibility determination. *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994). Similarly, we lack jurisdiction over challenges to the adequacy of the representation Flores received during proceedings before the IJ.

Flores contends that her life was threatened in 1991 by FMLN guerrillas on account of her political opinion because she participated in ARENA activities when she was 15 years-old. Assuming past persecution, Flores is entitled to a presumption of a well-founded fear of future persecution. *See Leiva–Montalvo v. INS,* 173 F.3d 749, 751 (9th Cir.1999); 8 C.F.R. 208.13(b)(1)(i). The government can rebut this presumption by demonstrating that an alien's home country conditions have changed such that the fear of future persecution is not objectively reasonable. *Id.* The State Department's 1994–95 country profile indicates that 1992 Peace Accords ended the civil war in El Salvador and that "all [asylum] claims from Salvadoran applicants should be reviewed in light of the sweeping changes which have taken place in that country since then." Although violence was high, "[t]here were no confirmed cases of politically motivated killings, but investigations in a number of cases remains open." The FMLN now participates in the government as an opposition party. Moreover, Flores admitted that she could be targeted for a reason other that her political opinion. We agree with the BIA that the government successfully rebutted the presumption of a well-founded fear of future persecution.

Additionally, "[w]hen determining whether a fear is 'well-founded,' a court may consider evidence that a person could safely move elsewhere in their home-country." *Cordon–Garcia,* 204 F.3d at 991 (citation omitted). Thus, even crediting the 1996 declaration from the municipal may-

or, Flores failed to explain sufficiently why internal relocation within El Salvador is not realistic. The State Department indicted that "[f]reedom of movement throughout El Salvador is permitted by the government, and there are no restrictions on citizens' changing their places of residence or work .... For those applicants alleging threats and harassment by recidivist guerrillas, the option of internal relocation is available in most cases." Moreover, Flores' mother, uncle, and three brothers have continued to live in El Salvador without incident. *Cf. Rodriguez–Rivera v. U.S. Dept. IN,* 848 F.2d 998, 1006 (9th Cir.1988) (reasoning that petitioner's claim of a well-founded fear of future persecution was undercut by fact that family remained unmolested in El Salvador).

We conclude that no reasonable factfinder would be compelled to conclude that Flores possessed a well-founded fear of future persecution. *Elias–Zacarias,* 502 U.S. at 481 n. 1.

Because Flores cannot satisfy the requirements for a discretionary grant of asylum, she cannot satisfy the more rigorous standards for withholding of deportation. *See Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

PETITION FOR REVIEW DENIED.