**Jose Mauricio AGREDA–PORTILLO Petitioner,**

v.

**John D. ASHCROFT, Attorney General, Respondent.**

No. 01–70517.
I & NS No. A73–000–362.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided May 16, 2002.

Before FERGUSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM**

Jose Mauricio Agreda–Portillo ("Agreda–Portillo"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation pursuant to INA §§ 208(a) and 241(b)(3)(A). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Agreda–Portillo claims that he was persecuted by members of the Farabundo Marti National Liberation Front ("FMLN") because of his membership in the El Salvadoran army. In 1992, the FMLN interrogated his uncle, Eleduvin

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Ramos ("Ramos"), as to Agreda–Portillo's whereabouts. Six months later, Ramos was shot to death outside his home. A man was arrested for the crime, pleaded guilty, and is currently serving a life sentence. In 1993, after Agreda–Portillo had completed his military service, several men came to his home, identified themselves as members of the FMLN, and asked him to open the door. Agreda–Portillo believed that the men intended to kill him, and he fled his home. He later left El Salvador and entered the United States. Subsequently, he received word that his friend, Mario Polunko ("Polunko"), had been killed. Agreda–Portillo did not know the details of Polunko's murder, but testified that Polunko's wife told him the FMLN was responsible.

The BIA's decision to deny asylum is reviewed for substantial evidence. *Al Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). We will grant the petition for review only if the evidence compels a contrary result. *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000). Because the BIA conducted a de novo review of the administrative record, we review the BIA's decision rather than that of the IJ. *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001). Because neither the IJ nor the BIA made a negative credibility finding, we are "required to accept petitioner's testimony as true." *Leiva–Montalvo v. INS*, 173 F.3d 749, 750 (9th Cir.1999) (citations omitted).

To be eligible for asylum, Agreda–Portillo must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). We have defined persecution as an "extreme concept," characterized by "infliction of suffering or harm." *Korablina v. INS*, 158 F.3d 1038,

1044 (9th Cir.1998); *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997).

■ Substantial evidence supports the BIA's determination that Agreda–Portillo failed to demonstrate past persecution. He did not testify to any objective facts that compel us to conclude that the FMLN came to his home with the intention of harming him. In addition, Agreda–Portillo's testimony does not link the murders of Ramos and Polunko to himself or to the FMLN's alleged visit to his home. The murders of Ramos and Polunko could be as easily explained by personal vendettas or attributed to general conditions of lawlessness in El Salvador as they could be to Agreda–Portillo's membership in the army.

■ An applicant who fails to establish "past persecution" may still be eligible for asylum if he establishes a well-founded fear of "future persecution." 8 C.F.R. § 208.13(b) (2001). To meet this burden, an applicant must demonstrate both a subjective and an objective fear of persecution. *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). Agreda–Portillo satisfied the subjective component by testifying credibly that he genuinely fears persecution. *Id.* We do not find, however, that he met the objective component because he did not adduce "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of [future] persecution." *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000) (citation and internal quotation marks omitted). The single incident when the FMLN came to Agreda–Portillo's home was not sufficiently threatening to establish persecution. In addition, his claim that the murders of Ramos and Polunko were related to him is speculative and conclusory.

Furthermore, conditions in El Salvador have changed to such an extent that he no longer has a well-founded fear of persecu-

tion upon his return to the country. *Singh v. Ilchert,* 63 F.3d 1501, 1510 (9th Cir. 1995). The BIA observed that the July 1997 State Department Country Conditions Report for El Salvador reflected major changes since the 1992 peace accords. Agreda–Portillo has presented no objective evidence to rebut the report's findings.

Finally, because the standard for withholding of deportation is higher than that for a grant of asylum, Agreda–Portillo's failure to demonstrate eligibility for asylum necessarily requires us to find that he has failed to show eligibility for withholding of deportation as well. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

The petition for review is DENIED.

REINHARDT, Circuit Judge, dissenting.

I dissent from the majority's denial of Agreda–Portillo's petition for review and regret our failure to treat his asylum claim the same way we treated a number of others in more reasonable times. The petitioner's credible and uncontradicted testimony, like the testimony of others whose denials of asylum we have frequently overturned, is sufficient to establish a well-founded fear of persecution under Ninth Circuit law. *See, e.g., Molina v. INS,* 170 F.3d 1247, 1249 (9th Cir.1999) (holding that notes given to petitioner that say guerrillas want to speak to her establish well-founded fear of persecution); *Aguilera–Cota v. INS,* 914 F.2d 1375, 1379–80 (9th Cir.1990) (holding that anonymous note telling the petitioner to quit his government job, along with the questioning of his sister on his whereabouts, were sufficient to establish well-founded fear of persecution); *Artiga Turcios v. INS,* 829 F.2d 720, 723 (9th Cir.1987) (holding that fact that guerrillas were looking for petitioner, a former member of El Salvadoran army,

was sufficient to satisfy a well-founded fear of persecution; it did not matter that petitioner and guerrillas did not meet face to face); *Canjura–Flores v. INS,* 784 F.2d 885, 889 (9th Cir.1985) (holding that petitioner established well-founded fear of persecution because his testimony that he was sought out by National Guard was credible and uncontradicted). The BIA erred in reaching a contrary conclusion. Further, because it failed to afford him the presumption to which he was entitled, the Board's observations regarding the change in country conditions are not adequate to support its denial of the petition.