Mohammad Awlad **DEWAN**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 02–70746.

INS No. A70–789–801.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 10, 2003.

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Mohammad Awlad Dewan petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying his application for asylum pursuant to Section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a). Dewan contends that he suffered past persecution on account of his political opinion. The BIA concluded that Dewan's credible testimony that he was "injured in the past by individuals he suspected to be [members of opposition parties] ... do[es] not rise to the level of past persecution."

Based upon our review of the record, we conclude that substantial evidence supports the BIA's determination that Dewan did not meet his burden of establishing that he suffered from past persecution. Although not raised in his appeal, substantial evidence also supports the BIA's holding that Dewan lacked a well-founded fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Dewan did not show that he or his family were specifically targeted with violence. *See Korablina v. INS,* 158 F.3d 1038 (9th Cir.1998); *Leiva–Montalvo v. INS,* 173 F.3d 749 (9th Cir. 1999). A reasonable factfinder could find that the harm Dewan described was not on account of his political opinion. Because Dewan failed to establish statutory eligibility for asylum, he also necessarily failed to satisfy the higher standard for withholding of deportation. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.