**Shamil GALYAUTDINOV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72738.
Agency No. A75–582–287.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 15, 2003.

Christopher A. Kerosky, Esq., Kerosky & Bradley, San Francisco, CA, for Petitioner.

Jennifer Lightbody, U.S. Department of Justice, Washington, DC, Lisa A. Watts, Esq., Washington, DC, for Respondent.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Petitioner Shamil Galyautdinov, a native and citizen of Russia, seeks review of the denial of asylum and withholding of removal, but grant of voluntary departure by the Immigration Judge. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision without opinion.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Galyautdinov alleges that (1) the Immigration Judge's exclusion of several documents from consideration at his immigration hearing violated due process; and (2) the Immigration Judge's determination that he was ineligible for asylum was not based on substantial evidence. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review, reverse the Immigration Judge's decision,[1] and remand to the BIA to exercise its discretion under § 208 of the Immigration and Naturalization Act, 8 U.S.C. § 1158(a).

A determination of ineligibility for asylum is affirmed if supported by reasonable, substantial and probative evidence in the record, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), but the petition for review is granted if the petitioner presents evidence that would compel a reasonable fact-finder to conclude that he had a well-founded fear of future persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000).

In order to be eligible for asylum, an applicant must establish a well-founded fear of persecution that is both subjectively genuine and objectively reasonable. *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). The subjective component is satisfied by credible testimony that the applicant genuinely fears persecution; the objective component can be satisfied by either an establishment of past persecution, or a showing that the applicant has "a good reason to fear future persecution." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999).

Persecution is "the infliction of suffering or harm upon those who differ ... in a way regarded as offensive," *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). The petitioner must be persecuted on account of a statutorily protected characteristic. *Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir.1997). Here, Galyautdinov claims persecution on the basis of his religious beliefs.

The Immigration Judge found that Galyautdinov's oral testimony was credible. We therefore accept as undisputed the testimony of the applicant, and conclude that Galyautdinov has satisfied the subjective prong of the well-founded fear analysis. *See Baballah v. Ashcroft*, 335 F.3d 981, 987 (9th Cir.2003); *Ladha v. INS*, 215 F.3d 889, 900 (9th Cir.2000).

■ Galyautdinov's credible testimony about his experiences meets the definition of persecution, and therefore satisfies the objective prong of the asylum eligibility test as well. He testified that he was a Pentecostal pastor in Tatarstan, a region in Russia where the majority of the local population is Muslim. As a well-known religious leader in this unpopular denomination of Christianity, he had personally been the target of death threats and the victim of an intentional hit-and-run car accident. In this latter incident, the police refused to pursue the investigation despite Galyautdinov's suspicions that he had been assaulted because of his religious beliefs and activities. Galyautdinov further testified that governmental authorities were generally unwilling to act to prevent abuses and threats against members of his denomination from persons in the local population. Furthermore, in 1993, the government prohibited evangelization or proselytization in schools, public buildings, and streets. Proselytization is an essential part of Galyautdinov's religious beliefs and practices. He was arrested in 1995 and detained twice for preaching in public. He testified that the police said the arrest was because "we were a prohibited sect, [and]

1. When the BIA adopts the Immigration Judge's opinion, we review the Immigration Judge's opinion as if it were the opinion of the BIA. *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999).

that we did not have the right to preach in the streets."

This testimony compels the conclusion that Galyautdinov suffered past persecution because of his religious beliefs, particularly because of his position in the Pentecostal church and preeminent membership in the evangelical Christian community. *See, e.g., Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000); *Kotasz v. INS*, 31 F.3d 847, 853 (9th Cir.1994); *Korablina*, 158 F.3d at 1044 (holding that even if the individual harms suffered by the applicant may not rise to the level of persecution in isolation, the cumulative effect of harms and abuses may support a claim for asylum).

Since Galyautdinov established past persecution, he is entitled to a presumption that he also has a well-founded fear of future persecution. *See Leiva–Montalvo v. INS*, 173 F.3d 749, 751 (9th Cir.1999). To rebut this presumption, the government must show by a preponderance of the evidence that "since the time the persecution occurred conditions in the applicant's country of nationality ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted were he to return." *Singh v. INS*, 94 F.3d 1353, 1361 (9th Cir.1996); *see also Ramos–Vasquez v. INS*, 57 F.3d 857, 862 (9th Cir.1995).

█ The evidence adduced by the government has not rebutted this presumption. Neither the documentary evidence submitted by the INS, nor its cross-examination of Galyautdinov, established by a preponderance of the evidence that the petitioner no longer has a well-founded fear of persecution if he were required to return, or that internal relocation was a reasonable option under all the circum-

stances of the case. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003).

For these reasons, we conclude that Galyautdinov has established his eligibility for asylum. Because the IJ's decision was not supported by substantial evidence, we need not–and do not–reach the question of whether the exclusion of documents at his hearing violated his rights to a full and fair hearing. Accordingly, we grant the petition for review, reverse the decision of the BIA, and remand to the BIA so that it can exercise the Attorney General's delegated discretion whether to grant him asylum.

PETITION FOR REVIEW GRANT-ED; REVERSED AND REMANDED.