**Jose Luis VASQUEZ–HOYOS,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–72944.

BIA No. A75–476–081.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Dec. 19, 2003.

Tim Everett, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., Jennifer Paisner, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The Honorable William W Schwarzer, Senior United States District Judge, for the Northern District of California, sitting by designation.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM [*]

Petitioner Jose Luis Vasquez–Hoyos seeks review of a final order of removal of the Board of Immigration Appeals ("BIA"), affirming a decision of an immigration judge ("IJ"). The IJ held that Petitioner is ineligible for asylum and for withholding of removal, but granted voluntary departure. Because the BIA adopted the IJ's decision, we refer to and analyze the IJ's decision. *Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir.2003). We grant the petition and remand.

1. This appeal is timely. *Singh v. INS*, 340 F.3d 802, 805–07 (9th Cir.2003).

2. Because the IJ did not make an express adverse credibility finding, we accept Petitioner's testimony as true. *Leiva–Montalvo v. INS*, 173 F.3d 749, 750 (9th Cir.1999).

3. The IJ clearly erred in basing a decision on Petitioner's mere failure to offer corroborating documentation. The IJ asserted that

> this is not the kind of case where the [asylum applicant] can rely solely on his testimony to support his claim, and clearly that is the only reasonable way to conduct these asylum cases. It makes no sense, whatsoever, under any system of justice or search for the truth, that an individual with evidence available to him need not present it in a proceeding of this type.

That reasoning is wrong. *See Ladha v. INS*, 215 F.3d 889, 900 (9th Cir.2000) (holding that corroboration is not required when an alien testifies credibly).

The IJ specifically chided Petitioner for not having documentary proof of his employment as manager of a medical clinic in Peru, although it is not at all clear why a pro se applicant would believe that he had to obtain and offer documents of that kind. (Petitioner did bring in documents such as birth and marriage certificates.) Moreover, nothing about Petitioner's claim is peculiarly document-driven; for example, he testified to receiving close to 100 threats over the telephone. This is not a case in which it would be reasonable or natural to expect corroborating documentary evidence.

4. Although, as noted above, the IJ did not make an express adverse credibility determination, he viewed Petitioner's testimony with suspicion because of his erroneous belief that corroborating documents were required. Accordingly, the IJ's whole decision is infected with his error of law.

We therefore grant the petition and remand the case with instructions to review the case de novo, accepting as credible both the asylum application and the testimony of Petitioner and his wife. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (concerning remand of certain immigration cases).

Petition GRANTED; REMANDED with instructions.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.