Edgardo V. CATIMBANG, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71957.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided May 28, 2004.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul D. Clement, Deputy Solicitor Gen, Solicitor General of the US Department of Justice, David V. Bernal, Attorney, Margaret Perry, Esq., Anthony C. Payne, Esq., Jennifer Lightbody, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT and FISHER, Circuit Judges.

MEMORANDUM *

Edgardo Catimbang is a native and citizen of the Philippines. At his removal hearing, he conceded removability but contended that if he were to return to the Philippines, he would be persecuted by the New People's Army ("NPA"). The Board of Immigration Appeals ("BIA") held that Catimbang is ineligible for either asylum or withholding of removal. We deny the petition for review.

An alien may be granted asylum in the discretion of the Attorney General "if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A)." 8 U.S.C. § 1158(b)(1). A refugee is a person who is unwilling to return to her country because "of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The Attorney General must withhold removal if it is more likely than not that the alien would be subject to persecution on account of one of these five factors. See 8 U.S.C. § 1231(b)(3); *INS v. Stevic,* 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Catimbang must establish that the evidence compels the conclusion that the BIA erred. See *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The evidence does not compel the conclusion that Catimbang was persecuted on account of a political opinion imputed to him by the NPA. According to Catimbang's testimony, NPA guerrillas threatened and recruited him because they wanted to continue logging illegally, not because they imputed any political opinion to Catimbang. See *Elias–Zacarias,* 502 U.S. at 482, 112 S.Ct. 812 (concluding that "the mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that Elias–Zacarias fears persecution *on account of* political opinion"); *Cruz–Navarro v. INS,* 232 F.3d 1024, 1030 (9th Cir.2000) ("While the guerillas may have regarded Cruz as an informant, this is not akin to imputing a political belief to him."). Thus, a reasonable factfinder could find that the guerrillas' motivation was "purely criminal." *Leiva–Montalvo v. INS,* 173 F.3d 749, 751 (9th Cir.1999) (granting a petition for review where "there was no evidence indicating that [the guerrillas'] motivations were purely criminal"). Unlike in *Navas v. INS,* 217 F.3d 646, 661 (9th Cir.2000), substantial evidence in this case supports the conclusion

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the guerrillas simply desired to avoid prosecution and did not persecute Catimbang on account of political opinion.

The BIA's decision, dated April 11, 2003, granted Catimbang permission to depart voluntarily from the United States within 30 days from the date of that decision. On May 9, 2003, Catimbang filed with this court a motion for stay of removal. Under *Desta v. Ashcroft*, 365 F.3d 741, 2004 WL 785076 at *7 (9th Cir. Apr.14, 2004), "we will construe [a] motion to stay removal as including a timely motion to stay voluntary departure." Pursuant to this circuit's General Order 6.4(c), Catimbang's motion stayed the BIA's removal order. This stay, construed as a stay of removal and as a stay of voluntary departure, will expire upon issuance of the mandate in this case. Because he filed his motion to stay removal three days before the last day for voluntary departure under the BIA's order, Catimbang will have until three days after the issuance of the mandate to depart voluntarily. *See Desta*, 365 F.3d 741, 2004 WL 785076 at *7.

**PETITION DENIED.**