Benjamin ROJAS–CORTEZ, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–74635.

Agency No. A93–138–016.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 12, 2005.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

J. Hernando Prado, Esq., Law Offices of J. Hernando Prado, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Benjamin Rojas–Cortez, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part, grant and remand in part, and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Rojas–Cortez did not file his application within one year of entering the United States, *see* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815–16 (9th Cir.2001), or that changed circumstances excused the late filing, *see Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Therefore, we dismiss the petition as to the asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the withholding of removal and CAT claims. Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's decision to deny withholding of removal, *Hakeem,* 273 F.3d at 816, and we grant and remand as to the withholding claim.

Preliminarily, we treat Rojas–Cortez's testimony as credible because neither the IJ nor the BIA made an explicit adverse credibility finding. *See Leiva–Montalvo v. INS,* 173 F.3d 749, 750–51 (9th Cir.1999). Treating his testimony as cred-

ible, and applying the law of this circuit, we find that Rojas–Cortez established past persecution on account of his political opinion. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000) (identifying elements of past persecution). Rojas–Cortez testified that he received warnings from members of a right-wing military group who did not want his political party to exist. Rojas–Cortez also testified that after he was elected as a member of the town council and began to serve his term, he had sought police protection because of the threats, but the police told him that they could not provide it. He testified that he was shot and seriously wounded by a member of a right-wing military group. After undergoing an operation, he spent three to four months recovering in a hospital in the capital, where, despite the presence of guards to protect him, another attempt was made on his life.

Because Rojas–Cortez has established past persecution, he is entitled to a presumption of eligibility for withholding of removal. *See Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir.2000). The IJ and BIA failed to consider whether changed circumstances in Colombia rebuts the presumption of withholding of removal.

Therefore, we grant the petition on the withholding of removal claim, and remand to the BIA determine whether an individualized assessment of country conditions rebuts the presumption. *See Lopez v. Ashcroft,* 366 F.3d 799, 805, 807 n. 5 (9th Cir.2004).

We deny the petition as to the CAT claim because substantial evidence supports the IJ's determination that Rojas–Cortez did not show that it is more likely than not that he would be tortured upon

return to Colombia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

DISMISSED in part, DENIED in part and GRANTED and REMANDED in part.