See also 74 Fed.Appx. 784.

**Charles Nnaemeka ASSIMONYE, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2006.

Filed March 3, 2006.

Todd W. Rosencrans, Esq., Perkins Coie, LLP, Seattle, WA, Matthew B. Hay-hurst, Matthew B. Hayhurst, Boone Karl-berg PC, Missoula, MT, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jenny Smith, U.S. Attorney Office Northern Dist. of Alabama, Birmingham, AL, for Respondent.

Before: D.W. NELSON, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM *

Petitioner Charles Nnaemeka Assimonye, a native and citizen of Nigeria, seeks review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture (CAT). Adopting the oral decision of the Immigration Judge (IJ), the BIA determined that (1) Assimonye was ineligible for asylum because he did not file his application before the one-year filing deadline [1] and (2) Assimonye was not entitled to withholding of removal because he failed to establish past persecution or a clear probability of future persecution or torture.

In determining that Assimonye did not qualify for withholding of removal, neither the IJ nor the BIA made an express adverse credibility finding, so we accept as true Assimonye's factual allegations. *E.g., Deloso v. Ashcroft,* 393 F.3d 858, 861 (9th

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Assimonye challenges predominately factual determinations regarding the BIA's application of the one year asylum application bar. Therefore, we lack jurisdiction to review Assimonye's asylum claim. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1221 (9th Cir.2005) (holding that 8 U.S.C. § 1252(a)(2)(D) restores jurisdiction only "insofar as a petition for review raises constitutional claims or questions of law"). Furthermore, Assimonye's constitutional challenge to the jurisdictional provision of § 1158(a)(3) is precluded by our decision in *Hakeem v. INS,* 273 F.3d 812, 815–16 (9th Cir.2001).

Cir.2005); *Leiva–Montalvo v. INS,* 173 F.3d 749, 750 (9th Cir.1999). Those facts establish clearly that Assimonye suffered past persecution in Nigeria on account of his membership in the Organisation for the Restoration of Biafra (ORB) and "Biafra," a political music group.

■ Assimonye was imprisoned incommunicado for a month by the Nigerian State Security Service (SSS) because he "belong[ed] to [an] organisation that people on the top don't like." During this detention, he was subjected to daily beatings and repeated torture, which included being hung from hooks, lashed with whips, and rolled on the ground. The SSS even inserted sticks into his genitalia. This treatment unequivocally constitutes "infliction of suffering or harm" that is sufficiently extreme to constitute persecution. *Lanza v. Ashcroft,* 389 F.3d 917, 934 (9th Cir.2004).

■ Assimonye's asylum application also chronicled a litany of other abuses that, when aggregated, compel the conclusion that he suffered past persecution on account of his political opinion. *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005). Thus, Assimonye is entitled to a presumption that he has demonstrated a "clear probability," *Lanza,* 389 F.3d at 933, that his "life or freedom would be threatened in [Nigeria] because of ... [his] political opinion," 8 U.S.C. § 1231(b)(3)(A). *See Salaam v. INS,* 229 F.3d 1234, 1240 (9th Cir.2000).

■ Assimonye also seeks review of the denial of his claim for protection under CAT. To qualify for such relief, he must demonstrate that "it is more likely than not that he ... would be tortured if removed to [Nigeria]." 8 C.F.R. § 208.16(c)(2). Assimonye has met this burden by credibly recounting the egregious daily beatings to which the SSS sub-jected him during his month-long detention. *See Nuru v. Gonzales,* 404 F.3d 1207, 1217–18 (9th Cir.2005) ("[I]f an individual has been tortured and has escaped to another country, it is likely that he will be tortured again if returned to the site of his prior suffering, unless circumstances or conditions have changed significantly, not just in general, but with respect to the particular individual.").

■ Having concluded incorrectly that Assimonye had neither suffered past persecution or torture nor shown a clear probability that he would suffer future persecution or torture, the BIA placed upon Assimonye the burden of rebutting the evidence of changed country conditions presented by the government. However, the burden to rebut the presumption of future persecution and to show that circumstances or conditions in Nigeria have changed significantly should have been upon the government.

Therefore, we remand to the BIA for the sole purpose of determining whether the government can show by a preponderance of the evidence that country conditions in Nigeria have changed such that Assimonye no longer will be threatened with persecution or torture in Nigeria. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**