**Guo Xiu DONG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72908.

Agency No. A77–137–535.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 7, 2004.

John D. Friedman, Reseda, CA, for Petitioner.

David V. Bernal, Attorney General, Jamie M. Dowd, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, D.W. NELSON, and FERNANDEZ, Circuit Judges.

MEMORANDUM**

Guo Xiu Dong appeals the final order of removal denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

Because Dong's appeal was summarily affirmed by the BIA under the streamlining regulations, 8 C.F.R. § 3.1(a)(7), we review the Immigration Judge's (IJ) decision as the final agency action. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We may reverse the IJ's determination that Dong failed to establish eligibility for asylum only if a reasonable factfinder would be compelled to conclude to the contrary. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002). We assume that Dong's testimony is credible where, as here, "the decisions of the Immigration Judge and Board are silent on the question of credibility." *Canjura–Flores v. INS*, 784 F.2d 885, 889 (9th Cir.1985).

Dong has failed to establish any credible, direct, and specific evidence in the record to compel this court to conclude that she has established a well-founded fear of persecution on a protected ground. *See Fisher v. INS*, 79 F.3d 955, 960 (9th

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

596

Cir.1996) (en banc). The IJ's finding that "the business and personal breakdown is not reflective of a fear of persecution on account of one of the five grounds," is supported by substantial evidence. "Failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." *See id.* at 961 (quoting *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995)).

Dong's attack against the streamlining procedures is also without merit. We have held that streamlining does not violate the Fifth Amendment. *See Falcon Carriche,* 350 F.3d at 848. We have also held that in cases, such as Dong's, where we have jurisdiction to review the removal order, we also technically have jurisdiction to review regulatory challenges to streamlining. *Id.* at 855. We have concluded, however, that in these cases an additional review of the streamlining decision itself would be superfluous" because the "decision to streamline is indistinguishable from the merits." *Id.* Because we can reach the merits of the IJ's decision, whether or not Dong's case was properly streamlined makes no practical difference. *See Georgis v. Ashcroft,* 328 F.3d 962, 967 (7th Cir.2003).

■ Dong also claims that she received ineffective assistance of counsel because her attorney failed to certify properly the English translation of the summons that was allegedly issued by the Dalian Public Security Bureau. Dong did not raise her claim of ineffective assistance of counsel before the IJ or BIA, nor did she file a motion to reopen on this ground. This court has recognized that "[u]nlike most claims of error, a claim of ineffective assistance of counsel, by its nature, can rarely be presented to the BIA on direct appeal." *Ontiveros–Lopez,* 213 F.3d 1121, 1124 (9th Cir.2000). However, we have also held that petitioners such as Dong must file a motion to reopen alleging ineffective assistance of counsel before filing their petition for review in this court. *See id.; see also Roque–Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir.1985).

■ We have no jurisdiction to review Dong's claims that the IJ improperly denied her relief under the Convention Against Torture and improperly determined that she waived her request for voluntary departure because she failed to raise these claims on appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1).

PETITION DENIED.