**Soghomon ABOVIAN; Lousine Abovian; Iskoui Abovian, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70934.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2000

Filed July 19, 2000

Amended Oct. 12, 2000

Second Amendment Dec. 11, 2000

Yeu S. Hong, Popkin, Shamir & Golan, Los Angeles, California, for the petitioners.

Robbin K. Blaya, Civil Division, Department of Justice, Washington, D.C., for the respondent.

Before: WALLACE, PREGERSON, and THOMAS, Circuit Judges.

## ORDER

PREGERSON, Circuit Judge:

The dissent to the opinion filed July 19, 2000 [219 F.3d 972] and amended October 12, 2000 is amended at slip Op. pg. 13032 [219 F.3d at 982] as follows:

Delete paragraph beginning "Because the Board's credibility ..." and replace with the following:

The majority incorrectly asserts that *Canjura–Flores v. INS,* 784 F.2d 885 (9th Cir.1985), stands for the proposition that the IJ's silence created a presumption of credibility at the Board level, and that, therefore, Abovian was not on notice that his credibility might be questioned by the Board. The court in *Canjura–Flores* actually held that "[w]hen the decisions of the Immigration Judge *and the Board* are silent on the question of credibility ... we will presume that they found the petitioner credible." *Id.* at 889 (emphasis added). Thus, the presumption of credibility only arises after *both* the IJ and the BIA have been silent as to credibility. *Canjura–Flores* says absolutely nothing about what the BIA should presume-and, by implication, what a petitioner could infer-from an IJ's silence as to credibility. Silence by the IJ simply does not let a petitioner off the hook as to credibility when he goes before the BIA.

Because the Board's credibility determination was not in conflict with any credibility determination made by the IJ, there could not possibly be a due process issue. The majority's attempt to account for this gap in its logic by relying on *Canjura–Flores* only adds to the irrationality of the opinion. There is simply no basis for the majority's purported due process violation.