**Ingrid Marisol LOPEZ–CABRERA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71328.

Agency No. A70–967–379.

INS No. A70–967–379.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided June 25, 2003.

Before NOONAN, WARDLAW, and BERZON, Circuit Judges.

ORDER

The Memorandum Disposition filed on November 14, 2002, is WITHDRAWN and a new Memorandum Disposition is concurrently filed in its stead.

With the filing of the new Memorandum Disposition, Respondent's petition for rehearing is DENIED.

MEMORANDUM *

Lopez–Cabrera appeals the Board of Immigration Appeals' ("BIA") denial of her application for asylum. We conclude that Lopez–Cabrera was denied her due process right to respond to the BIA's inde-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pendent credibility findings and therefore grant the petition. Because the parties are familiar with the record, we recount facts only as necessary to explain our decision.

The Immigration Judge (IJ), Roy J. Daniel, made an adverse credibility finding that was, as the BIA recognized, based only "on speculative assumptions not supported by the record." Aside from speculation, the IJ's adverse credibility finding consisted of unsupported invective quite beyond the bounds of appropriate professional discourse. Although it correctly recognized that the IJ's credibility determination was not entitled to deference, the BIA chose to make its own credibility finding.

Ordinarily, the BIA can make an adverse credibility finding based on reasons divergent from those advanced by the IJ for disbelieving the petitioner. *See Pal v. INS,* 204 F.3d 935, 938–39 (9th Cir.2000). We ruled in *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655 (9th Cir.2003), however, that the IJ must have "previously made an *explicit* adverse credibility determination, thus putting the petitioner on sufficient notice that her credibility was in issue, and giving her the opportunity to address the credibility question before the BIA, in briefing and in argument." *Id.* at 660 (emphasis added). Explicit credibility findings require that the findings be supported by "specific, cogent reasons that are substantial and bear a legitimate nexus to the determination that the petitioner did not meet [her] burden of establishing eligibility for asylum." *Id.* (citing *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001); *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir. 1996)). In the absence of such a finding by the IJ, the BIA

> violate[s] the [petitioner's] rights to due process by making an independent adverse credibility finding without affording [petitioner] the opportunity to establish [her] credibility.

*Id.* at 659–60 (quoting *Abovian v. INS,* 219 F.3d 972, 980 (9th Cir.), *amended by* 228 F.3d 1127 *and* 234 F.3d 492 (2000)).

Under *Mendoza Manimbao,* then, when it is suggested that an IJ has made a credibility determination, "we must then examine the basis for that determination to ensure it satisfies due process requirements. Thus, a passing reference to insufficiency or disbelief cannot constitute an adequate credibility determination." *Id.* at 661. That is to say, a credibility determination entirely devoid of specific, cogent reasons "does not constitute a credibility finding sufficient for review under the standards we have developed." *Id.* at 660. *Mendoza Manimbao* explains that where credibility is a "determinative factor," and where an IJ's credibility finding is not "legally sufficient" for review, the BIA should "remand[ ] to the IJ to make a legally sufficient determination, or as a constitutional minimum, afford[ ] [petitioner] notice that [her] credibility was at issue and an opportunity to respond to the bases for attack on [her] credibility." *Id.* at 661. In short, if the IJ fails entirely to give cogent reasons, the BIA cannot supply them on a cold record.

A charitable reading of the IJ's decision in this case could extract three points that were related to credibility: 1) Lopez–Cabrera provided no birth certificate, passport or identity document to prove that she is from El Salvador; 2) Lopez–Cabrera's three encounters with guerrillas occurred after the government of El Salvador and the leaders of the FMLN guerrilla forces signed United Nations-brokered peace accords; and 3) Lopez–Cabrera's description of the encounters was "incredible and nonsensical." None of these findings, however, can be described as "specific, cogent reasons for disbelief." *See id.* at

660 (citing *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990)).

First, that Lopez–Cabrera did not provide supporting documents to establish her citizenship does not make her testimony inherently incredible. Her testimony alone is sufficient to sustain her burden of proof without corroboration. *See Cheb-choub,* 257 F.3d at 1042; *see also Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000). Additionally, Lopez–Cabrera's citizenship was never in dispute, and the INS does not dispute it here. Nor does the IJ's suggestion that Lopez–Cabrera is not credible because the three alleged incidents occurred after the El Salvador peace accords constitute "a specific, cogent reason" for doubting Lopez–Cabrera's credibility. As the BIA explained in criticizing the IJ's credibility finding, "[t]he Immigration Judge found it incredible that guerrillas sought the respondent out in June 1992, because the peace accords had already begun and guerrillas no longer existed. As the record contains no evidence of country conditions or of the peace process to support this assumption, this is not a permissible basis for an adverse credibility finding."

Finally, the IJ's conclusory assertion that Lopez–Cabrera's description of the incidents was "incredible and nonsensical" was not a specific, cogent reason and did not amount to an "explicit" or "legally sufficient" credibility determination under *Mendoza Manimbao.* Further, the IJ's speculation as to how the guerrillas would have acted had they meant Lopez–Cabrera harm cannot provide the requisite basis for disbelieving her. This Court has "repeatedly held that it is error to rest a decision denying asylum on speculation and conjecture." *Shah,* 220 F.3d at 1069.

The IJ's comments regarding credibility were so transparently inadequate that Lopez–Cabrera was not given the notice required by due process that she needed affirmatively to establish her credibility on appeal. Instead, Lopez–Cabrera's brief after remand quite understandably contained only a discussion of credibility directed exclusively to demonstrating the inadequate nature of the IJ's credibility ruling. Petitioner had no opportunity to respond to or explain the asserted inconsistencies in her testimony identified by the INS for the first time in its brief on remand, filed the same day as petitioner's. The INS's original briefs to the BIA did not contain any argument at all, but only relied on the IJ's analysis. The upshot is that Lopez–Cabrera has been afforded no opportunity to respond to the quite specific, detailed purported inconsistencies first perceived by the INS after the remand and relied upon by the BIA in its second opinion.

As we emphasized in *Mendoza Manimbao,* the "IJ is in a vastly superior position to assess an asylum applicant's credibility in the first instance." 329 F.3d at 661. Where, as here, petitioner was never afforded "a legally sufficient credibility determination" by an IJ, *Mendoza Manimbao* requires that she be afforded the opportunity to have such a hearing or that the BIA provide her an opportunity to respond to identified reasons for questioning her credibility other than the inadequate ones given by the IJ. *See id.*

PETITION FOR REVIEW GRANTED and REMANDED for further proceedings.