**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINRU LIU, aka Xiang Ai Wu, Jie Liu, | No. 06-72080 |
| Petitioner, | Agency No. A097-354-977 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2010
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and LYNN, District
Judge.[**]

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The Honorable Barbara M. Lynn, United States District Judge for the
Northern District of Texas, sitting by designation.

Jinru Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We grant the petition and remand to the BIA to exercise its discretion, on behalf of the Attorney General, whether to grant asylum.

The government concedes that the BIA erred in adopting the IJ's determination that Liu's asylum claim is time-barred. The IJ's alternative adverse credibility finding is not supported by substantial evidence.[1]

The IJ based his adverse credibility determination on three findings, none of which is supported by substantial evidence: (1) Liu gave inconsistent testimony regarding the circumstances of her forced sterilization; (2) Liu told the asylum officer that she had a forced abortion, but later admitted this was a mistake; and (3) Liu presented unreliable sterilization certificates. We address each of these findings, and their evidentiary support, in turn.

First, the record does not support the IJ's finding that Liu testified inconsistently about her forced sterilization. Liu testified consistently that she initially agreed to the sterilization after the birth of her second child because both

---

[1] Because we deem Liu credible with respect to her forced sterilization claim, we do not reach the IJ's adverse credibility finding as to Liu's religious persecution claim.

she and her husband would have been fired if she had not agreed. She failed to attend the scheduled sterilization appointment and was later dragged from her home and forcibly taken to a bed where she was tied down and sterilized against her will.

Second, the IJ's finding that Liu told the asylum officer that she was forced to have an abortion as opposed to a sterilization is undercut by the record. Liu testified that she was not forced to have an abortion and that she gave birth to her second child. The transcript suggests that Liu did not understand the IJ's questions about whether she had told the asylum officer that she had been both forcibly sterilized and forced to have an abortion. At most, the transcript reveals translation difficulties and miscommunication and, thus, fails to support an adverse credibility finding. *Abovian v. INS*, 219 F.3d 972, 979, *as amended by* 228 F.3d 1127 and 234 F.3d 492 (9th Cir. 2000).

Third, the IJ did not give Liu the opportunity to explain the alleged discrepancies in the signatures and dates on the two sterilization certificates that Liu submitted. *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir. 2003) ("the [IJ] must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum" (quoting *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999))). The IJ's finding that

3

the certificates are unreliable based on an incorrect recitation of Liu's age by a doctor acquainted with Liu's husband is mere speculation. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."). The IJ also erroneously relied on the passage from the country conditions report indicating that China does not issue certificates after forced abortions; sterilization and abortion certificates are not interchangeable, and we do not expect governments to document every instance of persecution. *See He v. Ashcroft*, 328 F.3d 593, 600 (9th Cir. 2003) ("The IJ's reliance on the statement in the Profile is misplaced, for the statement specifically refers to abortions, not to sterilizations.").

Because each of the IJ's adverse credibility findings with respect to Liu's sterilization claim lack substantial evidentiary support, we must accept Liu's testimony as credible and no corroborative evidence is required. *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004).[2]

---

[2]Although the REAL ID Act of 2005, Pub. L. No. 109-13, § 101(a)(3), 119 Stat. 231, 305, changed the standard for corroborative evidence, these changes do not apply to Liu because her application was filed before May 11, 2005. *See Singh v. Holder*, 602 F.3d 982, 986 (9th Cir. 2010) *rehr'g en banc granted by* 2010 WL 3720221 (9th Cir. Sept. 17, 2010).

When an applicant has credibly established that she has suffered forced sterilization, she is automatically eligible for withholding of removal as a matter of law. *Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir. 2005). Thus, Liu's petition for withholding is granted.[3] Liu is also necessarily eligible for asylum on the basis of forced sterilization, so we remand to the BIA to decide whether to exercise its discretion to grant asylum. *See* 8 U.S.C. § 1101(a)(42); *Ding v. Ashcroft*, 387 F.3d 1131, 1140 (9th Cir. 2004); *He*, 328 F.3d at 604.

**Petition GRANTED and REMANDED.**

---

[3]The IJ, however, did not err in rejecting Liu's claims for relief under the Convention Against Torture. Liu failed to establish a likelihood that she would be subject to torture if removed to China. 8 C.F.R. § 208.16(c)(2); *see Al-Saher v. INS,* 268 F.3d 1143, 1147 (9th Cir. 2001).