**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUN LI,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-72748<br><br>Agency No. A079-811-143<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2013
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Chinese national Chun Li petitions for review of the decision of the Board of

Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of

withholding of removal, protection under the United Nations Convention Against

Torture ("CAT"), and cancellation of removal. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

8 U.S.C. § 1252(a)(1), and we deny the petition in part, grant it in part, and remand for further findings.

Withholding of removal requires a petitioner to show that it is "more likely than not" that he will face persecution on account of a protected ground in his home country. *See Zhang v. Ashcroft*, 388 F.3d 713, 718 (9th Cir. 2004) (per curiam). A petitioner claiming a fear of sterilization in China because of children born overseas must provide evidence of how family-planning officials treat overseas births. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 985–89 (9th Cir. 2009) (crediting a prior BIA decision that rejected the argument that American-born children trigger Chinese family-planning laws). Li gave no evidence he would be subjected to forced sterilization in China as a result of his two American-born children. The BIA's finding that Li's fear of persecution was not objectively reasonable is therefore supported by substantial evidence.

Because Li failed to establish a clear probability that he would be forcibly sterilized if returned to China, we do not address whether sterilization amounts to torture as required for CAT relief, and we uphold the BIA's denial of Li's request for CAT relief. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009); *see also Zhang*, 388 F.3d at 721–22.

For his claim for cancellation of removal, Li was required to establish his continuous presence in the United States from May 1997 to May 2007. *See* 8 U.S.C. § 1229b(b)(1)(A). The IJ concluded that Li was present in the United States in February of 1997, in September of 1999, and from mid-2000 onward, but was not satisfied with the evidence of Li's continuous presence between those dates. The BIA adopted the IJ's findings, expressing dissatisfaction with the evidence of Li's presence from February 1997 through September 1999.[1] Specifically, the BIA was concerned about evidence suggesting that Li had reentered the United States in 1999.

Substantial evidence does not support the BIA's finding that Li was ineligible for cancellation of removal because he had not been continuously present in the United States for the requisite ten-year period. *See Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (stating the standard for substantial evidence review). Li testified that he entered the United States in February 1997 and has not left. Li's wife testified that she met Li in May 2000 and that Li has been in the United States

---

[1] Because the BIA conducted an independent review of the record, we primarily address whether the record compels a finding that Li was present from February 1997 to September 1999, the period of its expressed concern. *See Brezilien v. Holder,* 569 F.3d 403, 411 (9th Cir. 2009). But, because the BIA specifically mentioned the evidence of reentry, we consider that as well.

3

since they met. A friend of Li's sister testified that she saw Li in New York City in February of 1997 and that she and her husband shared a house with Li in Washington State for about three years beginning in September 1999. This friend testified that during the time she lived with Li in Washington she "[b]asically, [] saw him everyday." And, although Li's sister did not testify live, she provided a declaration stating that Li lived with her in New York City from about March 1997 until they both moved to Washington in 1999. The declaration also states that Li has lived in Washington since 1999 and that "[h]e has never traveled outside of the U.S." The IJ did not make an adverse credibility determination as to any witness. Li's testimony, the testimony of his sister's friend, and the declaration from Li's sister compel the conclusion that Li was continuously present in the United States from 1997 to 1999.

Li explained that the evidence of reentry relied upon by the government was the result of a scrivener's error and translation miscommunications. *See Abovian v. I.N.S.*, 219 F.3d 972, 979, *as amended by* 228 F.3d 1127 *and* 234 F.3d 492 (9th Cir. 2000) (stating that mistranslations and miscommunications are not sufficient to support an adverse credibility finding). Li also explained inconsistencies in his testimony.

We deny Li's petition for review of the BIA's decision as to withholding of removal and CAT relief. But we grant his petition in part and remand for further findings on whether Li satisfies the other requirements for cancellation of removal.

Because this is a mixed judgment, each party will bear its own costs.

**Petition for review DENIED in part, GRANTED in part, and REMANDED for further proceedings consistent with this disposition.**